N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIAM JASON CROCKER                                                                      PLAINTIFF

vs.                                         Civil No. 6:11-cv-06060

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

William Jason Crocker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his DIB application on December 10, 2008 and protectively filed his SSI application on January 1, 2009.  (Tr. 11).  In his applications, Plaintiff alleges being disabled due to a bullet in his spine and due to a heart condition that causes his heart to "slow down too much."  (Tr. 119).  He alleges these impairments cause him the following limitations:

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

> I have trouble sitting because my back will hurt. I have pain in my back when I stand and walk. I get light headed and dizzy and will pass out. I can't do any lifting w/o pain and will have to lay down to recover. I have some chest pains. I have numbness in my left arm and fingers. I have trouble breathing and am short of breath. I have trouble sleeping.

*Id.* In his applications, Plaintiff alleges an onset date of August 31, 2008. (Tr. 11). These applications were denied initially and again on reconsideration. (Tr. 25-26).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 59-60, 367-392). An administrative hearing was held on June 16, 2010 in Hot Springs, Arkansas. (Tr. 367-392). At the administrative hearing, Plaintiff was present and was represented by Donald Pullen. *Id.* Plaintiff and Vocational Expert ("VE") Tyra Watts testified at this hearing. *Id.* On the date of this hearing, Plaintiff testified he was forty-one (41) years old. (Tr. 271). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). Further, Plaintiff testified he had received his GED. (Tr. 272).

On November 19, 2010, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 11-24). In that decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 13, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 31, 2008, his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic back pain with neuropathy status post gunshot wound with bullet lodged in around his spine in the thoracolumbar area; symptomatic bradycardia; adjustment disorder with mixed anxiety and depressed mood; and antisocial features. (Tr. 13, Finding 3). The ALJ also determined Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listing impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 14-15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can occasionally lift 20 pounds and 10 pounds more frequently; sit 6 hours per 8 hour workday; stand/walk 6 hours per 8 hour workday; he would be able to infrequently climb, balance, kneel and crawl and can occasionally stoop and crouch; and due to episodes of dizziness he should avoid hazards in that he should move around moving machinery and unprotected heights. Further, the claimant would be limited to semi-skilled work, that is he would be able to perform work where interpersonal contact was routine but superficial, tasks are no more complex than those learned by experience with several variables, the claimant would be able to use judgment within reasonable limits, and he would require little supervision for routine tasks and detailed supervision for non-routine tasks.

(Tr. 15-22, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 22, 387-391). The VE characterized Plaintiff's PRW as a welding or machine operator (semi-skilled, heavy) and trash collector (unskilled, medium). (Tr. 22). Based upon his RFC and considering this testimony, the ALJ determined Plaintiff was unable to perform his PRW. *Id.*

The ALJ also determined whether Plaintiff was able to perform other work existing in significant numbers in the national economy. (Tr. 23-24). The VE also testified at the administrative hearing regarding this issue. (Tr. 387-390). The VE testified a hypothetical person with Plaintiff's limitations would be able to perform representative occupations such as a packing line worker with 4,000 such jobs in the Arkansas economy and 1,900,000 such jobs in the national economy and a routing clerk with 5,070 such jobs in the Arkansas economy and 760,000 such jobs in the national

economy. (Tr. 23). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August 31, 2008 through the date of his decision or through November 19, 2010. (Tr. 24, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review the ALJ's unfavorable decision. *See* 20 C.F.R. § 404.968. On July 8, 2011, the Appeals Council declined to review this disability determination. (Tr. 4-6). On July 29, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 8, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In his appeal brief, Plaintiff raises three arguments for reversal: (1) the ALJ erred by finding

his impairments did not meet the requirements of Listings 1.02, 12.04, and 12.06; (2) the ALJ erred in evaluating his RFC and subjective complaints; and (3) the ALJ erred in discrediting the opinions of his physicians. ECF No. 8. In response, Defendant argues Plaintiff failed to carry his burden of proving his impairments met or equaled a Listing, substantial evidence supports the ALJ's RFC determination, and substantial evidence supports the ALJ's Step Five determination. ECF No. 9. Because this Court finds the ALJ erred in discrediting the opinions of his treating physician, this Court will only address Plaintiff's final argument for reversal.

Dr. L. Joseph Parker, M.D. has been treating Plaintiff since 2008. (Tr. 236-251, 321-332, 342-345). During his course of treatment, Dr. Parker consistently recognized Plaintiff's severe back pain and prescribed him pain medication. (Tr. 236-251, 321-332). At no point did Dr. Parker indicate he believed Plaintiff's symptoms were exaggerated. On October 14, 2010, Dr. Parker completed a Physical Medical Source Statement wherein he provided the limitations he found Plaintiff has as a result of his back impairment. (Tr. 342-345). The limitations he provided are severe. *Id.* For instance, he found Plaintiff could only sit or stand less than 2 hours in an 8-hour day and walk less than 2 hours in an 8-hour day. (Tr. 343). Dr. Parker also found Plaintiff could never lift over ten pounds and could rarely twist, stoop, crouch, climb stairs, and climb ladders. *Id.*

In his opinion, the ALJ discounted Dr. Parker's findings. (Tr. 21-22). The ALJ based this determination upon his finding that Dr. Parker's opinions were "quite conclusory, providing very little explanation of the evidence [he] relies on in forming the opinion." (Tr. 21-22). The ALJ also surmised that "[i]t appeared that Dr. Parker relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of that the claimant reported." (Tr. 22). The ALJ then went on to base his findings upon the opinions of non-examining, non-treating physicians. (Tr. 22).

The ALJ's reliance upon the opinions of non-treating, non-examining physicians was in error. Such opinions generally do not constitute substantial evidence to support a disability determination. *See Shontos v. Barnhart,* 328 F.3d 418, 427 (8th Cir. 2003).  This is especially true when the opinions of a treating physician are supported by his or her own treatment records.  *See Perkins v. Astrue,* 648 F.3d 892, 897-98 (8th Cir. 2011) (recognizing the rule that a treating physician's opinion may be entitled to controlling weight if it is well-supported by "medically acceptable clinical and laboratory diagnostic techniques" and is not inconsistent with other substantial evidence).  *See also* 20 C.F.R. § 404.1527(c) (2012) (DIB). In this case, Dr. Parker's treatment records consistently state Plaintiff suffers from severe pain, and Dr. Parker's findings regarding Plaintiff's limitations reflect the same opinion.

Because this case is not supported by substantial evidence in the record, it must be reversed and remanded.  At the very least, if the ALJ finds reason to doubt Plaintiff's treating physician and believes additional testing is necessary, the ALJ should order a consultative examination from an examining physician to further assess Plaintiff's limitations.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13th day of June 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE